STATE, MAYOR, &c., OF NEW BRUNSWICK, PROSECUTORS, v. NELSON WILLIAMSON, COLLECTOR OF NORTH BRUNSWICK.

1. A declaration in a general law that all acts or parts of acts, whether local or special, or otherwise, inconsistent with its provisions, are repealed, will repeal inconsistent provisions in prior special acts.
2. A special law authorized the township of North Brunswick to convey to the city of New Brunswick a poor-farm owned by the former, and situate within its limits, and declared that the farm should be liable to taxation by the township so long as it should be embraced within it; and under this law the conveyance was made. *Held*, that the legislature could, constitutionally, repeal this power of taxation.

---

*Certiorari* to review taxes of 1878.

Argued at November Term, 1881, before Justices KNAPP and DIXON.

For the plaintiffs, *Howard McSherry.*

For the defendant, *John S. Voorhees.*

The opinion of the court was delivered by

DIXON, J.   By a special act passed February 18th, 1862, (*Pamph. L., p.* 52,) the township committees of North Brunswick and East Brunswick, in Middlesex county, were authorized to convey their interest in the poor-farm in North Brunswick and the personal effects thereon, to the city of New Brunswick; and the second section of the act provided that the said farm, with the personalty thereon, should be at all times thereafter liable to taxation by said township of North Brunswick, so long as it should be embraced within the limits of said township.   In accordance with this statute, these committees conveyed said property to the city by deed of March 27th, 1862, and taxes have been regularly levied thereon by the township of North Brunswick, and paid by the city of New Brunswick up to the year 1878, the taxes for which year are now resisted.

Two questions are raised for decision; first, whether the legislature has declared its purpose to repeal this second section; second, whether, if it has, such purpose can constitutionally be enforced.

As to the first point, reliance is placed solely on the general tax law, approved April 11th, 1866, (*Rev., p.* 1150,) the fifth section of which enacts that the property of the cities of the state, and all buildings used exclusively for charitable purposes, with the land whereon the same are erected, and which may be necessary for the fair enjoyment thereof, and the furniture and personal property used thereon, shall be exempt from taxation; and the thirty-second section of which expressly declares that all acts and parts of acts, whether special or local, or otherwise, inconsistent with the provisions of that act, shall be and are thereby repealed, except one act approved in 1864, and such special or local acts as had been approved since the year 1862.

It is conceded that the poor-farm and personalty now in dispute, come within the classes of property described as exempt in this act of 1866; but it is insisted that the repealing clause, being contained in a general law, cannot be considered as designed to disturb the special law of 1862, without more explicit declaration of the purpose to do so than is here found.

The rules by which to determine whether a repeal is intended are sufficiently recognized in former decisions of this court, to make any further research unnecessary.

A general law, applicable to the entire state, will not modify or repeal a special act, unless by express words or necessary implication. *State, Gorum, pros.*, v. *Mills*, 5 *Vroom* 177. But there is no rule of law which prohibits the repeal of a special act by a general one; nor is there any principle forbidding such repeal without the use of express words declarative of the legislative intent to repeal the earlier statute. The question is always one of intention, and the purpose to abrogate the particular enactment by a later general enactment is sufficiently manifested when the provisions of both cannot stand together, and it is a cardinal doctrine in the construction of statutes that, if possible, full effect shall be given to all their parts. *State, M. & E. R. R. Co., pros.*, v. *Comm'r of R. R. Taxation*, 8 *Vroom* 228.

Under the guidance of these rules, the course of decision seems plain. The special and local act of 1862 provides that this property shall be subject to taxation; the general act of 1866 provides that all such property shall be exempt. The inconsistency of these provisions is clear. The general law declares that all special and local acts inconsistent with its provisions are repealed. It is impossible to give full effect to this language and preserve in operation the statute of 1862. The legislature could not have indicated its purpose to repeal this special act more unmistakably than it has done in this general law, unless it had expressly mentioned the special act, and such mention is not necessary for its abrogation. The decisions in *Mechanics' and Tradesmen's Bank* v. *Bridges*, 1 *Vroom* 112, and *State* v. *Miller*, 1 *Vroom* 368, appear to be

directly in point.   There a general tax law of 1862 was held
to have repealed inconsistent provisions in the earlier charters
of Jersey City and the M. & E. R. R. Company, because of
the clause in the general law that all acts, whether special or
local, or otherwise, inconsistent with its provisions, should
be repealed.   These words were said to be so strong as to
admit of no doubt about the intention to repeal, so specific
and precise as to show a clear intention of the legislature to
alter the mode of taxation before prescribed in all special acts
they had power to interfere with.   The same words in the
present law must have the same effect.   The purpose to
repeal is manifest.

*Second.* Had the legislature the power to repeal? It is
denied, upon the ground that the provisions of the act of 1862
became, by the subsequent conveyance, a contract between
the township and the city, which the legislature could not
impair.

This claim is quite inadmissible.   It is not necessary to
consider whether municipal corporations can acquire vested
rights in property which the legislature cannot take away, or
whether these bodies are entitled to the constitutional pro-
tection of contracts.   For the present case, it is sufficient to
decide whether one legislature can confer upon such a corpo-
ration a power of taxation which subsequent legislatures are
unable to revoke against the objection of the municipality
itself.   For the affirmative of this question, no semblance of
authority has been produced to us.   The general principle is,
that the power of the legislature over corporations created for
purposes of local government is supreme, and that no contract
with such corporations arises from the delegation of authority
to them.   *Tinsman* v. *B. D. R. R. Co.*, 2 *Dutcher* 148;
*Mayor, &c.*, v. *J. C. & B. R. R. Co.*, 5 *C. E. Green* 360;
*Rader* v. *Southeasterly Road Dist.*, 7 *Vroom* 273.

A distinction has been sometimes drawn between what are
called the governmental or public character of these corpora-
tions and their proprietary or private character; and it has
been claimed that in the latter aspect they are to be regarded

as private bodies, so far as relates to the protection of their property. But even those insisting upon this distinction have conceded that over their political or governmental powers, the authority of the legislature is, in the nature of things, supreme, and without limitation, unless the limitation is found in some peculiar provision of the constitution. 1 *Dill. on Mun. Corp.* (3d ed.,) § 66. Now certainly there can be no shadow of support for a claim that the power of taxation is in any sense the private property of the municipality; it is peculiarly public, governmental; and, as such, must at all times be susceptible to modification or repeal, according to legislative discretion, so far as the mere right of the corporation to exercise it is concerned.

*Third.* It is suggested that the title of the act of 1866, being a supplement to an act concerning taxes, does not express the object now sought to be accomplished by it. We think this position groundless. The title declares a purpose to legislate concerning taxes; this embraces an intention to repeal prior inconsistent laws.

The tax must be set aside, with costs.